# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DUANE DIXON,

Plaintiff,

v.

DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,

Defendants.

_____________________________________/

CASE NO. 1:10-CV-01225-LJO-DLB PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND (Doc. 8)

Plaintiff Duane Dixon ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action. On July 8, 2010, Plaintiff filed his initial complaint. (Doc. 1). On August 5, 2010, Plaintiff filed a first amended complaint. (Doc. 8.) Plaintiff's first amended complaint is presently before the court for screening.

**A. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B. Summary of Plaintiff's Amended Complaint**

Plaintiff is currently a state prisoner at R.J. Donovan Prison in San Diego, California. The acts he complains of occurred while he was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff names the following defendants: J. Akanno, M.D., medical doctor at KVSP; M. Spaeth, M.D., medical doctor at KVSP; R. Rodriguez, M.D., medical doctor at Mercy Hospital in Bakersfield, California; the California Department of Corrections and Rehabilitation ("CDCR"); and Does 1 through 4, prison medical care providers. Plaintiff alleges the following: On April 6, 2007, Plaintiff was attacked by another prisoner and stabbed in the head. The object with which Plaintiff was stabbed broke off in his skull. Plaintiff was examined by Dr. Akanno on the date of the incident. On June 4, 2007, Plaintiff went to the medical staff at KVSP complaining of bleeding and dizziness. (Doc. 8, p. 3I and Exhibit D.). Approximately two months after the assault, on June 12, 2007, Dr. Akanno again examined Plaintiff and noted that the injury was healing poorly. On July 31, 2007, Dr. Akanno noted that Plaintiff was afflicted with an "old scalp wound due to assault" and that Plaintiff was "awaiting orthopedic surgery and scalp surgery." Plaintiff contends that Dr. Akanno "did not perceive Plaintiff's injury" and was "nonchalant." (Doc. 8, p. 3D and Exhibits D and I.)

Approximately three months after the head injury, Plaintiff wrote to the warden about the

incessant pains in his head. On October 15, 2007, the associate warden advised Plaintiff to use the appeal process. (Doc. 8, p. 3B and Exhibit B.)

On August 13, 2007, Plaintiff was transported to Mercy Hospital in Bakersfield, California and examined by Dr. Rodriguez. His examination "was of the most cursory sort" and Dr. Rodriguez "neither wanted to touch Plaintiff nor be in the same room with him." Plaintiff explained to Dr. Rodriguez that he believed there was something in the wound. Plaintiff felt that Dr. Rodriguez was suspicious that Plaintiff might be irritating the injury. (Doc. 8, pp. 3B, 3G-H and Exhibit C.)

On November 21, 2007, Dr. Spaeth excised skin from the wound area. Plaintiff contends that Dr. Spaeth should have discovered the foreign body lodged in his head. On January 2, 2008, Dr. Spaeth examined Plaintiff and noted that his scalp lesion was still draining. Plaintiff alleges that Dr. Spaeth should have noticed that the wound was not healing. (Doc. 8, p. 3E.)

Plaintiff asserts that he repeatedly appealed to medical personnel regarding the pains in his head and continuous bleeding. On numerous occasions, medical personnel documented that the wound was not healing and Plaintiff was routinely given gauze and instructed to apply pressure. (Doc. 8, pp. 3A-3B and Exhibit g.)

At some point, Plaintiff was transferred to Corcoran State Prison ("CSP-Corcoran"). Following his transfer, Plaintiff's wound was examined at CSP-Corcoran in May 2008. On July 3, 2008, a foreign body was excised from his skull. (Doc. 8, p. 3C.)

On July 31, 2008, Plaintiff filed an inmate appeal ("602") form while at CSP-Corcoran. The appeal was denied at the Director's Level on February 11, 2010. (Attachments to Doc. 8.)

Plaintiff claims that he needlessly endured pain and suffering. Plaintiff seeks financial damages to deter medical carelessness.

**C. <u>Plaintiff's Claims</u>**

**1. Exhaustion of Administrative Remedies**

Before addressing the merits of Plaintiff's claims, the court assesses whether Plaintiff has exhausted his administrative remedies prior to filing this action.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his

administrative remedies before filing a lawsuit concerning prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any ... correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002). The Supreme Court has held that this exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 90, 84, 126 S.Ct. 2378 (2006). To "proper[ly]" exhaust, a prisoner must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91, 126 S.Ct. 2378.

   The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. The process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. At the time of Plaintiff's injury, appeals were to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85-86, 126 S.Ct. 2378; McKinney, 311 F.3d at 1199-1201. Where it is clear from the face of a prisoner's complaint that he has not yet exhausted the administrative grievance procedure, the action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal ...."); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.2002).

Plaintiff complains about an injury he sustained in April 2007, along with his subsequent medical care while incarcerated at KVSP. According to the complaint and attachments, Plaintiff "went directly to the prison warden by mail" to address the "incessant pains in his head." In October 2007, KVSP's associate warden notified Plaintiff in writing of the availability of the 602 process to address his medical concerns. Plaintiff admits that the letter "advised [him] to use the 'appeal process.'" (Doc. 8, p. 3B and Exhibit B.) However, Plaintiff did not submit a 602 appeal at any point during his incarceration at KVSP after his April 2007 injury. Instead, Plaintiff waited until July 2008 to initiate the 602 process, which was after his transfer from KVSP to CSP-Corcoran.

It is clear from the face of the complaint and attachments that Plaintiff did not afford KVSP (and its medical staff) "an opportunity to correct its own [alleged] mistakes" before being "haled into federal court." Woodford, 548 U.S. at 89, 126 S.Ct. 2378. In short, Plaintiff failed to timely exhaust the administrative grievance process. Accordingly, as the PLRA precludes prisoners from filing federal lawsuits concerning prison conditions unless they have first exhausted available administrative remedies, Plaintiff's complaint fails to state a claim upon which relief can be granted.

**2. Medical Care**

The court construes Plaintiff's complaint regarding his medical care as a claim that the Defendant doctors were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Plaintiff contends that Defendants displayed medical carelessness in failing to detect a foreign body lodged in his head, which resulted in his needless pain and suffering. Plaintiff's contentions do not reach the level of a constitutional violation.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991) (overruled on other grounds by WMX Techs., Inc. V. Miller, 104 F.3d 1133, 1136 (9th

Cir. 1997). A medical need is serious "if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

Also, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that

they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Here, Plaintiff does not contend that he was denied or refused medical treatment. While at KVSP, Plaintiff saw prison doctors, prison medical staff and outside doctors on numerous occasions. Rather, Plaintiff's claim is that defendant doctors and medical staff failed to diagnose him with a foreign body in his head. He asserts that medical personnel who initially examined him should have performed said examination with "enough care and diligence" to discover the foreign object. (Doc. 8, p. 3I.) At most, Plaintiff is asserting negligence or a difference of opinion regarding his diagnosis and treatment. As discussed above, mere negligence or a disagreement about treatment are insufficient to support a deliberate indifference claim.

## II. Conclusion and Recommendations

The court finds that plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, the court should "freely give leave [to amend] when justice so requires."' In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, the court finds that the deficiencies outlined above are not capable of being cured by amendment because Plaintiff did not timely exhaust his administrative remedies, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that this action be dismissed in its entirety for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 2, 2011**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE