1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8   DUANE DIXON,                                    CASE NO. 1:10-CV-01225-LJO-DLB PC

9                          Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION
                                                   FOR RECONSIDERATION
10        v.
                                                   (DOC. 21)
11   DEPARTMENT OF CORRECTIONS AND
     REHABILITATION, et al.,
12
                           Defendants.
13   _____/

14
15        Plaintiff Duane Dixon ("Plaintiff") is a prisoner in the custody of the California

16   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff was proceeding pro se and in

17   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 8, 2011, the

18   Court dismissed Plaintiff's action for failure to state a claim.  Pending before the Court is

19   Plaintiff's motion for reconsideration, filed June 30, 2011.  Doc. 21.

20        A court may relieve a party from a final judgment or order for, *inter alia*, mistake,

21   inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1).  Motions to reconsider are

22   committed to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.

23   1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).   A party

24   seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the

25   court to reverse a prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.

26   Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514

27   (9th Cir. 1987).  This Court's Local Rule 230(j)  requires a party seeking reconsideration to

28   demonstrate "what new or different facts or circumstances are claimed to exist which did not

1

exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff contends that he should be granted leave to amend. However, the Magistrate Judge assigned to this action found that Plaintiff would be unable to cure the deficiencies in this action even if he was afforded leave to amend. Findings and Recommendations, Doc. 15. The undersigned agrees. Plaintiff has presented no new facts or circumstances that merit reconsideration of the Court's judgment in this action.

Accordingly, Plaintiff's motion for reconsideration, filed June 30, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   July 2, 2011**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE