# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE DIXON, | Case No. 1:10-cv-01225-LJO-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM** |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ECF No. 39 |
| Defendants. | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.     Background

Plaintiff Duane Dixon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On June 8, 2011, the Court dismissed this action with prejudice for failure to state a claim.  ECF No. 19.  Plaintiff appealed the judgment.  On November 8, 2012, the United States Court of Appeals for the Ninth Circuit reversed and remanded to permit Plaintiff to file a second amended complaint.  On November 29, 2012, Plaintiff filed his Second Amended Complaint.  ECF No. 39.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1    monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

2    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4    claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

5         A complaint must contain "a short and plain statement of the claim showing that the pleader

6    is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8    do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

9    U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

11   allegations are accepted as true, legal conclusions are not.  *Id.*

12   **II.    <u>Summary of Second Amended Complaint</u>**

13        Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where

14   the events giving rise to this action occurred.  Plaintiff names as Defendants: medical doctors J.

15   Akanno, M. Spaeth, and M. Rodriguez, and Doe Defendants 1 through 3, medical assistants or

16   nurses.

17        Plaintiff alleges the following.  On April 6, 2007, Plaintiff was attacked by another inmate,

18   and suffered a penetrating wound to his head.  Plaintiff was taken to the facility's emergency room,

19   where he was seen by a nurse only.  Defendant Akanno was the on-duty physician/surgeon, and was

20   notified by telephone.  Defendant Akanno did not personally appear, made no examination of

21   Plaintiff, and instructed the nurse to perform first aid functions only.

22        Over the next eighteen months, Plaintiff lived in constant, sometimes debilitating pain.  The

23   wound was not healing, and Plaintiff experienced syncopal episodes and seizures.  Plaintiff was seen

24   thirteen times by medical staff, and at no time was the true significance of the injury recognized.  On

25   July 3, 2008, Plaintiff received surgery, and a foreign body of glass-like consistency, measuring 2.5

26   centimeters by 1 to 1.5 centimeters, was removed.

27        Plaintiff contends a violation of the Eighth Amendment.  Plaintiff requests as relief

28   compensatory and punitive damages, as well as provisions for future medical issues arising from this

1  incident.

2  **III.    <u>Analysis</u>**

3         The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not

4  mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

5  omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

6  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

7  measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

8  doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

9  F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an

10  objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

11  "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

12  (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

13  health or safety . . . ." *Id.* at 837.

14         "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this

15  standard, the prison official must not only 'be aware of the facts from which the inference could be

16  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

17  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the

18  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

19  risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

20         Plaintiff fails to state an Eighth Amendment claim against any Defendants.  Plaintiff alleges

21  at most negligence against Defendant Akanno, which fails to state a claim for deliberate

22  indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toguchi*, 391 F.3d at 1060 (holding even

23  gross negligence is insufficient to establish deliberate indifference).

24         Plaintiff fails to allege facts against Defendants Spaeth, Rodriguez, or Does 1 through 3 that

25  indicate the Defendant acted or failed to act and such action or inaction caused a violation of

26  Plaintiff's Eighth Amendment rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A

27  person 'subjects' another to the deprivation of a constitutional right, within the meaning of section

28  1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an

1    act which he is legally required to do that causes the deprivation of which complaint is made.").

2    **IV.    Conclusion and Recommendation**

3             Plaintiff fails to state a claim against any Defendants.  Plaintiff has now been provided two

4    opportunities to amend his complaint, and has failed to state a claim in both instances.  The

5    undersigned does not find that Plaintiff can amend his pleadings to cure the deficiencies identified.

6    *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Based on the foregoing, it is

7    HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim

8    upon which relief may be granted.

9             These Findings and Recommendations will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

11   after being served with these Findings and Recommendations, the Plaintiff may file written

12   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

13   Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the

14   specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

15   1153, 1157 (9th Cir. 1991).

16

17   IT IS SO ORDERED.

18       Dated:   **April 20, 2013**                         /s/ *Dennis L. Beck*

19                                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28