# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE DIXON,<br><br>        Plaintiff,<br><br>   vs.<br><br>CDCR, et al.,<br><br>        Defendants. | 1:10cv01225 LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Document 41) |

Plaintiff Duane Dixon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on July 8, 2010, and he filed a Second Amended Complaint on November 29, 2012. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2013, the Court issued Findings and Recommendations that the action be dismissed for Plaintiff's failure to state a claim for which relief may be granted. The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen days. After receiving an extension of time, Plaintiff filed objections on August 22, 2013.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the proper legal analysis.

The Magistrate Judge determined Plaintiff failed to state an Eighth Amendment deliberate indifference claim against any Defendant.  As to Defendant Akanno, Plaintiff alleged, at most, negligence.  As to the remaining Defendants, Plaintiff failed to allege facts connecting any of their actions or inactions with a violation of the Eighth Amendment.

In his objections, Plaintiff contends that the Findings and Recommendations are incorrect because he believes that he has shown deliberate indifference.  However, while Plaintiff's injury may have been serious, he still has not demonstrated that any Defendant acted with the requisite state of mind.  He states, in general terms and without linking any Defendant to any action or inaction, that Defendants "didn't care that he might have suffered a greater injury."  However, he provides no specific facts to support his claim.  He also states that after his initial "cursory" examination, he was assured at each subsequent medical visit that the wound would ultimately heal.  As the Magistrate Judge found, he alleges nothing more than negligence.  Indeed, even *gross* negligence is insufficient to state a claim under the Eighth Amendment.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff also contends that Defendants "should have known the seriousness of a head injury," but this is insufficient to state an Eighth Amendment claim.  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Despite Plaintiff's objections, there is simply no indication that Defendants denied, delayed or intentionally interfered with medical treatment, or were otherwise deliberately indifferent to Plaintiff's serious medical need.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on April 22, 2013, are ADOPTED IN FULL; and
2. This action is DISMISSED for Plaintiff's failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

Dated:   **August 23, 2013**                     **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE